On October 30, 1998, appellant, Dennis Ellis, filed a Motion for Delayed Appeal, an Affidavit of Indigency and a Motion for Appointment of Counsel. Ellis wishes to appeal the Judgment of Conviction and Sentence of the trial court filed on November 22, 1994 in which Ellis pleaded guilty to Murder.
Pursuant to App. R. 5, after determining that appellant has complied with the filing requirements contained in App. R. 5, in order to grant appellant's Motion for Leave to File a Delayed Appeal, this court must determine whether appellant has presented an adequate reason for failing to timely file his notice of appeal. We initially note that Ellis has failed to set forth any reason why it took him almost four years to file an appeal of his conviction and on that basis alone, Ellis' Motion for Delayed Appeal could be denied.
In his Motion for Delayed Appeal, Ellis asserts that his plea of guilty was not knowingly, voluntarily or intelligently made. The Plea Agreement signed by Ellis and the transcript of the plea hearing belie this assertion. Despite being asked on several occasions if he desired counsel, Ellis continued to express his wish to plead guilty to the murder of his wife.
In ruling upon a Motion filed pursuant to App. R. 5(A), a court of appeals must also make a factual determination that an indigent convicted defendant has been notified that he has a right to appeal and a right to court appointed counsel before that appellate court denies the defendant leave to appeal pursuant to App. R. 5. State v. Sims (1971), 27 Ohio St.2d 79.
In reviewing the transcript of the plea and sentencing hearing, it is clear that Ellis was informed of his right to appeal. The trial court stated:
 "The Court: * * * So, if you would desire to have this matter appealed then you need to advise The Court within 30 days. Do you understand that?
 Dennis Ellis: Yes.
 The Court: You understand that everything would be provided for you including an attorney for nothing?
 Dennis Ellis: Yes."
Ellis' signed guilty plea coupled with a review of the transcript of the plea/sentencing hearing in this matter, demonstrate that Ellis entered a knowing, intelligent and voluntary plea of guilty to the charge of Murder.
Upon consideration, this court finds that Ellis had failed to set forth an adequate reason for his failure to timely file an appeal from his conviction. This court further finds that, pursuant to Sims, supra, was informed of his right to appeal and his right to be represented by counsel on appeal and knowingly and intelligently waived those rights. Ellis' Motion for Delayed Appeal and Motion for Appointment of Counsel are, therefore, DENIED.
 MOTION DENIED.
Kline, P.J. Abele, J., Concur
 --------------------------------------- William H. Harsha, Administrative Judge